IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rouben Odell Boulware,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Ervin Jr., et al.,<br><br>　　　　Defendants. | No. CV-05-1565-ROS (PC)<br><br>**ORDER** |

　　　　Plaintiff filed an Application for Entry of Default as to Defendants Trujillo and S.S. Cox. (Doc. 48). The summonses for Defendants Trujillo and Cox were returned unexecuted. (Docs. 29, 35, 37). As Trujillo and Cox have not yet been served, the request for entry of default will be denied. Trujillo was located and the Court has ordered the United States Marshal to effect personal service on him. (Doc. 50). The Marshal indicated that personal service was attempted on Cox, but that Cox was unable to be located. (Doc. 37).

　　　　Although the Marshal was ordered to effect service for Plaintiff, "it is ultimately [P]laintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant." *Lateef v. Jackson*, 2009 WL 393857, *2 (N.D. Cal. 2009); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), (requiring a *pro se* prisoner plaintiff to have "furnished the information necessary to identify the defendant") (internal citation omitted).

1  Having pursued and exhausted the information provided by Plaintiff, neither the
2  Marshal nor the Court is permitted to offer further assistance in determining the whereabouts
3  of Cox. See e.g. *DeRoche v. Funkhouser*, 2008 WL 4277659, *1 (D. Ariz. 2008) ("[N[either
4  the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties
5  to a lawsuit as this would improperly place the Court in the role of an advocate." (citing *Hall
6  v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991)). Plaintiff now has two choices; he may
7  provide additional information with which the Marshal may attempt to identify and serve
8  Cox or wait until the proceedings enter the discovery stage, assuming that stage is reached,
9  and subpoena third parties for information concerning Cox's whereabouts. As Defendant
10 Cox has not been served, entry of default will be denied.

11 Accordingly,

12 **IT IS ORDERED** Plaintiff's Application for Entry of Default as to Defendants
13 Trujillo and S.S. Cox **IS DENIED.**

14 DATED this 7th day of May, 2010.

_____
Roslyn O. Silver
United States District Judge