IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruben Odell Boulware,<br><br>    Plaintiff,<br><br>vs.<br><br>Ervin, Jr., et al.,<br><br>    Defendants. | No. CV-05-01565-ROS<br><br>**ORDER** |

On April 13, 2010, Plaintiff filed a "Notice and Motion for Default Judgment Pursuant to Federal Rules of Civil Procedure Rule 55" (Doc. 45), in which Plaintiff seeks Default Judgment against Defendants Manuel, McNeal, Trujillo, Cox and Armstrong. On May 5, 2010, Plaintiff filed a "Notice and Motion for Default Judgment Pursuant to Federal Rules of Civil Procedure Rule 55 Against Defendant T. Manuel." (Doc. 49). For the reasons below, the Motion (Doc. 45) will be denied as to Defendants McNeal, Trujillo and Cox, and taken under advisement as to Defendants Manuel and Armstrong. Plaintiff's subsequent Motion (Doc. 49) against Manuel will also be taken under advisement.

**I.      Defendant McNeal**

For the reasons stated in Doc. 50, Plaintiff's Motion for Default Judgment (Doc. 45) will be denied as to Defendant McNeal. (*See also* Doc. 54).

## II.    Defendants Trujillo and Cox

For the reasons stated in Doc. 52, the Motion for Default Judgment against Defendants Trujillo and Cox is denied.  Further, Plaintiff has not taken any steps to serve Defendants Trujillo and Cox.  On March 20, 2009, the Court ordered the U.S. Marshals to serve, among others, Defendants Trujillo and Cox.  (Doc. 25).  The U.S. Marshals attempted service based on the information Plaintiff provided, but the respective summonses to Defendants Trujillo and Cox were returned unexecuted.  (Docs. 29, 37).

Although the Marshal was ordered to effect service for Plaintiff, "it is ultimately [P]laintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant." *Lateef v. Jackson*, 2009 WL 393857, *2 (N.D. Cal. 2009); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), (requiring a pro se prisoner plaintiff to have "furnished the information necessary to identify the defendant") (internal citation omitted).  Having pursued and exhausted the information provided by Plaintiff, neither the Marshal nor the Court is permitted to offer further assistance in determining the whereabouts of Cox. *See e.g. DeRoche v. Funkhouser*, 2008 WL 4277659, *1 (D. Ariz. 2008) ("[N[either the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

Since the return of the unexecuted summonses for Defendants Trujillo and Cox, Plaintiff has not made any efforts to serve Defendants Trujillo and Cox.  If Plaintiff does not provide information sufficient to allow the U.S. Marshals to complete service on Defendants Trujillo and Cox, Plaintiff's Amended Complaint will be dismissed as to Defendants Trujillo and Cox for failure to timely complete service.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order theat service be made within a specified time. . . .").

### III. Defendants Manuel and Armstrong

On May 18, 2009, a waiver of service of summons was returned executed by Defendant Armstrong. (Doc. 26). On May 21, 2011, the Office of the Attorney General stated it did not represent Defendants Manuel and Armstrong because these defendants, among others, had not been served and had not requested the Office of the Attorney General represent them. (Doc. 27, at note 1). On June 16, 2009, a waiver of service of summons was returned executed by Defendant Manuel. (Doc. 28). A June 19, 2009 letter attached to Plaintiff's Motion for Default (Doc. 45) indicates Defendant Manuel, among others, is represented by John W. Riches II, Deputy Attorney General, for Edmund G. Brown Jr., Attorney General, and that service upon anyone other than this counsel is defective.

Plaintiff obtained an Entry of Default against Defendant Manual (Doc. 44) and Defendant Armstrong (Doc. 51). Defendants Manuel and Armstrong have not filed an answer to the Amended Complaint.

The Office of the Attorney General will be required to file a Notice to the Court indicating whether it represents Defendants Manuel and Armstrong. The Office of the Attorney General shall make attempts to contact Defendants Manuel and Armstrong to determine if Defendants Manuel and Armstrong request the Office of the Attorney General to represent them in this lawsuit. Such attempts shall be documented in the Notice to the Court.

### IV. WARNING TO PLAINTIFF

Defendants have filed a Motion for Summary Judgment (Doc. 54) pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not filed a Response.

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]***

---

[1] *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

- 3 -

1    The Defendants' Motion for Summary Judgment seeks to have your case dismissed.
2 A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will,
3 if granted, end your case.

4    Rule 56 tells you what you must do in order to oppose a motion for summary
5 judgment. Generally, summary judgment must be granted when there is no genuine issue of
6 material fact – that is, if there is no real dispute about any fact that would affect the result
7 of your case, the party who asked for summary judgment is entitled to judgment as a matter
8 of law, which will end your case. When a party you are suing makes a motion for summary
9 judgment that is properly supported by declarations (or other sworn testimony), you cannot
10 simply rely on what your complaint says. Instead, you must set out specific facts in
11 declarations, depositions, answers to interrogatories, or authenticated documents, as provided
12 in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents
13 and show that there is a genuine issue of material fact for trial. If you do not submit your
14 own evidence in opposition, summary judgment, if appropriate, may be entered against you.
15 If summary judgment is granted, your case will be dismissed and there will be no trial.

16    Rule 56-260 of the Local Rules of the United States District Court Eastern District of
17 California also requires that you include with your response to the Motion for Summary
18 Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.
19 Your separate statement of facts must "admit those facts that are undisputed and deny those
20 that are disputed, including with each denial a citation to the particular portions of any
21 pleading, affidavit, deposition, interrogatory answer, admission or other document relied
22 upon in support of that denial." Rule 56-260(b).

23    You must timely respond to all motions. The Court may, in its discretion, treat your
24 failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting
25 of that Motion without further notice, and judgment may be entered dismissing this action
26 with prejudice. *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED** that Plaintiff may file a response to Defendants' Motion for Summary Judgment, together with an additional separate Statement of Facts and supporting affidavits or other appropriate exhibits, no later than January 14, 2011.

**IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that no later than January 7, 2011, Plaintiff shall file additional information about Defendants Trujillo and Cox's respective locations sufficient to allow the U.S. Marshals to complete service. If Plaintiff does not provide such information, the Clerk of the Court shall automatically dismiss Defendants Trujillo and Cox without awaiting further order from the Court.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Default Judgment **(Doc. 45)** is **DENIED IN PART** and taken under advisement in part. The Motion for Default Judgment **(Doc. 45)** is **DENIED as to Defendants McNeal, Trujillo and Cox.**

**IT IS FURTHER ORDERED** Plaintiff's Motion for Default Judgment **(Doc. 49)** is taken under advisement.

**IT IS FURTHER ORDERED** the Office of the Attorney General shall, no later than January 7, 2011, file a Notice indicating whether it represents Defendants Manuel and Armstrong. The Office of the Attorney General shall make attempts to contact Defendants Manuel and Armstrong to determine if Defendants Manuel and Armstrong request the Office of the Attorney General to represent them in this lawsuit. Such attempts shall be documented in the Notice.

DATED this 8th day of December, 2010.

Roslyn O. Silver
United States District Judge